UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WINDY RICHARDS,                                  :          ORIGINAL FILED VIA ECF

                      Plaintiff,       :          CV 08 4433 (CM)(GWG)

            - v. -                          :

BIVONA & COHEN P.C., JOSEPH FIGLIOLO,            :
JOHN BIVONA, RODERICK COYNE, JAN                 :
MICHAEL RYFKOGEL, ANDREW SAPON,                  :
ROBERT MACCHIA, RICHARD KUBIK,                   :
MARLENE MONTELEONE, and JOHN/JANE                :
DOES 1-10.

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT JOSEPH FIGLIOLO'S ANSWER TO THE COMPLAINT OF PLAINTIFF WINDY RICHARDS

Defendant Joseph Figliolo ("Mr. Figliolo"), by his attorneys, Gordon & Rees, LLP, denies that he discriminated or retaliated against plaintiff Windy Richards ("Plaintiff" or "Richards") in violation of any federal, state or city law and answers Plaintiff's Complaint as set forth below.  To the extent not expressly admitted herein, all allegations set forth in the Complaint are specifically denied.

### NATURE OF THE ACTION

There was no rape or sexual harassment of Plaintiff.  All of the facts demonstrating that her claims are false and are intended to publicly sully the reputations of an established successful law firm, Bivona & Cohen, P.C. ("B&C" or the "Firm"), and a partner in the Firm are set forth in the Complaint filed in *Bivona & Cohen, P.C. and Joseph V. Figliolo v. Windy Richards a/k/a Wendy Ogando*, Index No. 105583/08, a copy of which is attached hereto and incorporated by reference.  That state court action was a lawful response to a March 26, 2008 letter by Richards' counsel threatening a lawsuit in Bronx County Supreme Court.

Richards has removed Mr. Figliolo's earlier filed state court action to federal court. Mr. Figliolo now responds to her Complaint concerning the same factual and legal issues as set forth in his state court action.

## RESPONSE TO SPECIFIC ALLEGATIONS

Mr. Figliolo answers the allegations of Richards' Complaint as follows:

1. Denies each and every allegation contained in Paragraph 1 of the Complaint except admits Plaintiff purports to set forth a legal conclusion and respectfully refers all matters of law to the Court. He further states that the nature of the case is as set forth in the state court action filed by Mr. Figliolo and the Firm.

2. Denies each and every allegation contained in Paragraph 2 of the Complaint except admits that Richards began working at the Firm as a legal secretary in August 2007 (following her submission of a false employment application and social security number and her lying to conceal her conviction for a prior drug felony) and denies knowledge or information sufficient to form a belief as to the truth of the allegations that she is a 37 year old, single mother of three children.

3. Denies each and every allegation contained in Paragraph 3 of the Complaint except admits that the Firm filed a complaint against Richards in New York Supreme Court, New York County after she threatened the Firm and Mr. Figliolo with false and salacious claims, and respectfully refers the Court to the Complaint in that action.

4. Denies each and every allegation contained in Paragraph 4 of the Complaint except admits that the Firm hired Epstein Becker & Green, P.C. ("EBG") as its counsel in connection with the false allegations made by Richards and that the Firm issued a press release concerning its state court action in order to publicize its efforts to respond to

Plaintiff's false allegations by seeking the protection of applicable law and the Courts to which it is entitled.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint except admits Plaintiff has been employed by the Firm since August 2007.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint except admits B&C is a law firm with offices at 88 Pine Street, New York, New York 10005.

7.    Denies each and every allegation contained in Paragraph 7 of the Complaint except admits that, at all times relevant hereto, Mr. Figliolo held the title of senior partner at B&C.

8.    Denies each and every allegation contained in Paragraph 8 of the Complaint except admits that, at all times relevant hereto, Defendant Bivona held the title of senior partner at B&C.

9.    Denies each and every allegation contained in Paragraph 9 of the Complaint except admits that, at all times relevant hereto, Defendant Coyne held the title of partner at B&C.

10.    Denies each and every allegation contained in Paragraph 10 of the Complaint except admits that, at all times relevant hereto, Defendant Ryfkogel held the title of partner at B&C.

11.    Denies each and every allegation contained in Paragraph 11 of the Complaint except admits that, at all times relevant hereto, Defendant Sapon held the title of partner at B&C.

12.     Denies each and every allegation contained in Paragraph 12 of the Complaint except admits that, at all times relevant hereto, Defendant Macchia held the title of partner at B&C.

13.     Denies each and every allegation contained in Paragraph 13 of the Complaint except admits that, at all times relevant hereto, Defendant Kubik held the title of partner at B&C.

14.     Denies each and every allegation contained in Paragraph 14 of the Complaint except admits that, at all times relevant hereto, Defendant Monteleone held the title of senior partner at B&C.

15.     Denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in Paragraph 16 of the Complaint, except admits Plaintiff purports to set forth a jurisdictional basis for her claims and respectfully refers all matters of law to the Court.

17.     Denies each and every allegation contained in Paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding service of the Complaint, admits Plaintiff purports to set forth a basis for venue of her claims and respectfully refers all matters of law to the Court.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in Paragraph 20 of the Complaint except admits that Richards was hired as a legal secretary at the Firm in late August 2007.

21.     Denies each and every allegation contained in Paragraph 21 of the Complaint except admits that Richards was assigned initially to work with Eva Tam and later with Matthew Barron.

22.     Denies each and every allegation contained in Paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in Paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in Paragraph 24 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Richards was or was not told by others at the Firm outside of Mr. Figliolo's presence.

25.     Denies each and every allegation contained in Paragraph 25 except admits that Mr. Figliolo is 59 years old, occupied an office situated at a corner of the space occupied by the Firm on the 17th floor, and is married to John Bivona's sister.

26.     Denies each and every allegation contained in Paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in Paragraph 28 of the Complaint.

29.    Denies each and every allegation contained in Paragraph 29 of the Complaint.

30.    Denies each and every allegation contained in Paragraph 30 of the Complaint.

31.    Denies each and every allegation contained in Paragraph 31 of the Complaint.

32.    Denies each and every allegation contained in Paragraph 32 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of other individuals at the Firm outside of Mr. Figliolo's presence.

33.    Denies each and every allegation contained in Paragraph 33 of the Complaint except admit that the Firm has offered employment opportunities to individuals of all races and both genders, and many of the female support staff members were African-American or Hispanic.

34.    Denies each and every allegation contained in Paragraph 34 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Richards claims she perceived.

35.    Denies each and every allegation contained in Paragraph 35.

36.    Denies each and every allegation contained in Paragraph 36 of the Complaint except admits that he returned from lunch on November 16, 2007 after having consumed alcohol, and that he kept alcohol in his office, and that, during certain time periods, he drank alcohol during the work day (although never before a court appearance).

37.    Denies each and every allegation set forth in Paragraph 37 of the Complaint.

38.    Denies each and every allegation set forth in Paragraph 38 of the Complaint.

39.    Denies each and every allegation set forth in Paragraph 39 of the Complaint.

40.    Denies each and every allegation set forth in Paragraph 40 of the Complaint.

41.    Denies each and every allegation set forth in Paragraph 41 of the Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 42 of the Complaint except denies that Ms. Richards was raped at work.

43.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 43 of the Complaint except denies that Ms. Richards was raped at work and further denies that the environment at the Firm was "unsafe" or "perilous" in any respect.

44.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 44 of the Complaint except denies that Ms. Richards was raped at work.

45.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 45 of the Complaint except denies that Ms. Richards was raped at work.

46.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 46 of the Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 47 of the Complaint except denies that Mr. Figliolo "engaged in egregious criminal conduct."

48.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 48 of the Complaint except denies that Ms. Richards was raped at work, or that Mr. Figliolo engaged in a "pattern of inappropriate behavior" or that the Firm had a "pattern of doing nothing."

49.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 49 of the Complaint except denies that Ms. Richards was raped at work.

50.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 50 of the Complaint except admits that as part of the Firm's investigation into Richards' allegations, B&C retained Joan Gilbride, a lawyer from Kaufman Borgeest & Ryan LLP.

51.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 51 of the Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 52 of the Complaint except denies that Ms. Richards was raped at work.

53.    Denies each and every allegation contained in Paragraph 53 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of

each and every allegation regarding the conduct of other individuals at the Firm outside of Mr. Figliolo's presence after the February 12th meeting.

54.    Denies each and every allegation contained in Paragraph 54 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation regarding the conduct of other individuals at the Firm outside of Mr. Figliolo's presence.

55.    Denies each and every allegation contained in Paragraph 55 of the Complaint.

56.    Denies each and every allegation contained in Paragraph 56 of the Complaint.

57.    Denies each and every allegation contained in Paragraph 57 of the Complaint except admits that the Firm and Mr. Figliolo sued Richards in state court asserting lawful and appropriate legal causes of action.

58.    Denies each and every allegation contained in Paragraph 58 of the Complaint except admits that the Firm and Mr. Figliolo sued Richards in state court asserting lawful and appropriate legal causes of action.

59.    Denies each and every allegation contained in Paragraph 59 of the Complaint except admits that a press release concerning the Firm's lawsuit was issued.

60.    Denies each and every allegation set forth in Paragraph 60 of the Complaint.

61.    Denies each and every allegation set forth in Paragraph 61 of the Complaint.

## FIRST CAUSE OF ACTION

62.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

63.    Denies each and every allegation contained in Paragraph 63 of the Complaint except admits Plaintiff was employed by the Firm and further admits Plaintiff purports to set forth a legal conclusion and respectfully refers all matters of law to the Court.

64.    Denies each and every allegation contained in Paragraph 64 of the Complaint.

65.    Denies each and every allegation contained in Paragraph 65 of the Complaint.

## SECOND CAUSE OF ACTION

66.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

67.    Denies each and every allegation contained in Paragraph 67 of the Complaint.

68.    Denies each and every allegation contained in Paragraph 68 of the Complaint.

## THIRD CAUSE OF ACTION

69.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

70.    Denies each and every allegation contained in Paragraph 70 of the Complaint.

71.    Denies each and every allegation contained in Paragraph 71 of the Complaint.

## FOURTH CAUSE OF ACTION

72.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

73.    Denies each and every allegation contained in Paragraph 73 of the Complaint.

74.    Denies each and every allegation set forth in Paragraph 74 of the Complaint.

## FIFTH CAUSE OF ACTION

75.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

76.    Denies each and every allegation contained in Paragraph 76 of the Complaint except admits Plaintiff was employed by the Firm and further admits Plaintiff purports to set forth a legal conclusion and respectfully refers all matters of law to the Court.

77.    Denies each and every allegation contained in Paragraph 77 of the Complaint.

78.    Denies each and every allegation contained in Paragraph 78 of the Complaint.

## SIXTH CAUSE OF ACTION

79.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

80.     Denies each and every allegation set forth in Paragraph 80 of the Complaint.

81.     Denies each and every allegation set forth in Paragraph 81 of the Complaint.

## SEVENTH CAUSE OF ACTION

82.     Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

83.     Denies each and every allegation set forth in Paragraph 83 of the Complaint.

84.     Denies each and every allegation set forth in Paragraph 84 of the Complaint.

## EIGHTH CAUSE OF ACTION

85.     Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

86.     Denies each and every allegation set forth in Paragraph 86 of the Complaint.

87.     Denies each and every allegation set forth in Paragraph 87 of the Complaint.

88.     Denies each and every allegation set forth in Paragraph 88 of the Complaint.

89.     Denies each and every allegation set forth in Paragraph 89 of the Complaint.

## NINTH CAUSE OF ACTION

90.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

91.    Denies each and every allegation set forth in Paragraph 91 of the Complaint.

92.    Denies each and every allegation set forth in Paragraph 92 of the Complaint.

## TENTH CAUSE OF ACTION

93.    Mr. Figliolo repeats and realleges each and every answer to the above paragraphs of the Complaint as if fully set forth herein.

94.    Denies each and every allegation set forth in Paragraph 94 of the Complaint.

95.    Denies each and every allegation set forth in Paragraph 95 of the Complaint.

## DEFENDANT JOSEPH FIGLIOLO'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

96.    The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

97.    Upon information and belief, Plaintiff has failed to mitigate her damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

98.    Plaintiff has not suffered any legally cognizable damage.

### FOURTH AFFIRMATIVE DEFENSE

99.     At all times relevant to this action B&C acted lawfully and in good faith without intent to deny Plaintiff any rights whatsoever and without intent to discriminate or retaliate against Plaintiff on the basis of her gender or any other unlawful reason.

### FIFTH AFFIRMATIVE DEFENSE

100.     Plaintiff's employment with B&C is at-will, and all actions taken by Mr. Figliolo within the context of this at-will employer/employee relationship are at all times based on legitimate business related reasons, undertaken in good faith and without malice or ill-will toward Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

101.     Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

102.     Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

103.     For the reasons set forth in the attached complaint, any decision by the Firm to terminate Plaintiff's employment is justified by after-acquired evidence.

### NINTH AFFIRMATIVE DEFENSE

104.     Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

## TENTH AFFIRMATIVE DEFENSE

105.    Mr. Figliolo possessed legitimate non-discriminatory reasons for filing a complaint against Richards.

## ELEVENTH AFFIRMATIVE DEFENSE

106.    Plaintiff did not possess a subjective or good faith belief that she was being discriminated against.

## TWELFTH AFFIRMATIVE DEFENSE

107.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

108.    Plaintiff is not entitled to a jury trial on certain of the claims asserted in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

109.    Mr. Figliolo reserves the right to add further affirmative defenses as warranted by the development of the factual record in this case.


Dated:  New York, New York
       June 3, 2008

                    GORDON & REES LLP

                    By: _____
                        Diane Krebs
                        Mercedes Colwin
                    90 Broad Street
                    23rd Floor
                    New York, New York  10004
                    (212) 269-5500
                    (212) 269-5505 (fax)
                    *Attorneys for Defendant Joseph Figliolo*

To:    Jonathan Abady
        Mariann Wang
        Emery Celli Brinckerhoff & Abady LLP
        75 Rockefeller Plaza
        New York, New York 10019
        (212) 736-5000
        (212) 736-5001 (fax)

        Joseph & Herzfeld LLP
        757 Third Avenue, 25th Floor
        New York, New York 10017
        (212) 688-5640
        (212) 688-2548 (fax)
        *Attorneys for Plaintiff*

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

BIVONA & COHEN, P.C. and JOSEPH V. FIGLIOLO, :   Index No.

                         Plaintiffs,   :   Date Purchased: _____

            - against -   :   Plaintiffs designate New York
                               :   County as the place of trial.
WINDY RICHARDS a/k/a WENDY OGANDO,   :

                               :           **SUMMONS**

                        Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**To the above-named Defendant**:

          YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear, or answer, judgment will be taken against you by default, for the relief demanded in the Complaint.

          The basis of venue is Plaintiff Bivona & Cohen's office location, Wall Street Plaza, 88 Pine Street, New York, NY 10005, New York County, State of New York.

Dated: New York, New York
      April 18, 2008

                                   EPSTEIN BECKER & GREEN, P.C.

                            By: _____
                                  Ronald M. Green
                                  Brian G. Cesaratto
                                  Robert R. Barravecchio

250 Park Avenue
New York, New York  10177-1211
(212) 351-4500

Joan M. Gilbride
KAUFMAN BORGEEST & RYAN LLP
99 Park Avenue
New York, New York 10016

*Attorneys for Plaintiffs*

To:    Windy Richards
       350 East 143rd Street, #20A
       Bronx, New York 10454

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
BIVONA & COHEN. P.C. and JOSEPH V. FIGLIOLO, :   Index No.
                                                    :
                            Plaintiffs,             :
                                                    :   **COMPLAINT**
                - against -                         :
                                                    :
WINDY RICHARDS a/k/a WENDY OGANDO,                  :
                                                    :
                                                    :
                                                    :
                            Defendant.              :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiffs BIVONA & COHEN, P.C. ("Bivona & Cohen" or "the Firm") and JOSEPH V.

FIGLIOLO ("Figliolo") (collectively, "Plaintiffs") by their attorneys, Epstein Becker & Green,

P.C. and Kaufman Borgeest & Ryan LLP, as and for their Complaint against WINDY

RICHARDS, a/k/a WENDY OGANDO ("Richards" or "Defendant") allege as follows:

                            **NATURE OF THE ACTION**

        1.      This action responds to Richards' extortion scheme. Richards, a recently hired

secretary at the law firm of Bivona & Cohen, demands Nine Million Dollars ($9 million) from

Plaintiffs in return for not going public with scandalous and scurrilous claims based on the

alleged rape and sexual harassment of Richards by Figliolo, a partner at the Firm, who is

married. There was no rape or sexual harassment. Defendant's claims are false and are

intended to publicly sully the reputations of an established successful law firm and a partner in

the Firm if her unlawful demand is not met. Her demand is a scheme by a convicted drug felon,

who lied to conceal her criminal background in order to be hired, to obtain money by falsely

claiming that Figliolo raped her, although she enticed him into allowing her to give him a "lap

dance" in his office on the afternoon of Friday, November 16, 2007 causing him to ejaculate into his underwear while he was wearing his underwear and pants. Indeed, Richards soon thereafter proudly displayed to her co-workers the towel Figliolo used to clean up with, and then took the towel home with her, never claiming she was raped. Richards did not complain to the Firm she was raped until February 12, 2008, some three months later, when she raised her allegations for the first time after being summoned to a meeting with the Firm's office manager after a number of days of unexplained absences following repeated warnings about her absenteeism. The nature of Defendant's threats have left Plaintiffs with no choice but to seek affirmative judicial action and relief, including a declaration that her threatened claims under the "state and local anti-discrimination and human rights laws" have no factual and legal merit.

## THE PARTIES

2.      Plaintiff Bivona & Cohen is a professional corporation duly organized under the laws of the State of New York, and maintains its principal place of business in the City, County and State of New York. Bivona & Cohen is a law firm principally engaged in general civil litigation and trial practice.

3.      Founded in 1974, the Firm has 38 attorneys working for it in its New York office and employs 44 support staff members.

4.      Plaintiff Figliolo is an Equity Partner of Bivona & Cohen. He resides in New York County in the State of New York.

5.      Figliolo, a 30-year member of the Bar of the State of New York, has never been the subject of any sexual harassment or discrimination charge, proceeding or lawsuit.

6.      Defendant Richards is currently employed by Bivona & Cohen as a secretary but is on paid leave. Upon information and belief, Richards resides in the Mott Haven Houses, 350 East 143rd Street, Bronx County, in the State of New York.

2

## VENUE

7.    In accordance with Rule 503(a) of the New York Civil Practice Law and Rules, venue is appropriate in this Court.

## STATEMENT OF FACTS

### I.  Richards' False Employment Application and Probationary Employment

8.    On or about August 22, 2007, Richards sought employment with Bivona & Cohen as a secretary.

9.    Richards, a single mother of three, falsified her employment application by denying that she had ever been convicted of a crime when asked to disclose any convictions. She also lied to the Firm at the time of her hiring by providing a false social security number. Richards' false statements were made to conceal the fact that she is a convicted drug felon.

10.    Unaware that Richards falsified her employment application, the Firm hired her as a probationary employee in August 2007.

11.    The Firm's recent discovery of Richards' falsification of her employment application and social security number is a legitimate business reason to terminate her employment now. Richards acknowledged when she signed the Firm's employment application that "any falsification, misrepresentation or omission, as well as any misleading statements or omissions, of the application information, attachments, and supporting documents, generally will result in denial of employment or immediate termination, if discovered after hire."

12.    From the beginning of her employment, Richards was a poor performer as she was frequently and unexpectedly absent or late, and spent excessive time on personal telephone calls during the workday. The Firm issued her disciplinary warnings. As a result of her poor work performance, and knowing she was a probationary employee who could be fired at any time, she increasingly feared for her job.

3

## II. **Richards' Unlawful Scheme**

13.    Richards was aware that Figliolo, nearly twice her age, was married to a senior partner's sister. Richards was also aware that Figliolo had a drinking problem. Knowing that she was not performing well, Richards entered Figliolo's office in the early afternoon on a Friday, November 16, 2007 to proposition him as part of a scheme to exploit his vulnerability.

14.    Knowing that he would be receptive to the proposal of a "lap dance," Richards offered to perform a "lap dance" on Figliolo while he sat at his desk.

15.    As she performed the "lap dance," Figliolo became aroused and ejaculated inside his underwear while he was wearing his underwear and pants, using a towel to clean up. In the weeks following the incident, Richards boasted to her co-workers that she caused Figliolo to ejaculate and showed them the soiled "trophy" towel which she had removed from Figliolo's office, and asked a co-worker "do you want to smell it?" Richards later told the employee she had taken the towel home with her.

16.    On February 12, 2008, Brenda Diaz ("Diaz"), one of the office managers of Bivona & Cohen, asked Richards to come into her office after Richards missed a number of days of work. At the February 12, 2008 meeting, Richards, for the first time, told the Firm that Figliolo raped her on November 16, 2007. Later that same day, Richard's unlawful scheme was further revealed when she told another employee that she had complained today to the Firm about Figliolo and Richards offered to "throw something" of a financial nature to the other employee and thereby secure her support.

17.    Prior to February 12, 2008, Richards never complained to the Firm about the alleged rape by Figliolo, despite having received and being well aware of the Firm's written harassment prevention policies and procedures.

4

18.     On or about February 12, 2008 while at the Firm, Richards attempted to further her unlawful scheme by telling Nancy Delgado ("Delgado"), Figliolo's secretary, "Joe raped me."    Richards published the aforementioned statement without Figliolo's knowledge or permission.

19.     Richards did not complain to law enforcement until February 2008 -- almost three months following the "lap dance" -- nor did she seek medical attention for being raped.

20.     Richards' statement to Delgado was false, and was made with knowledge of its falsity or in reckless disregard as to its truth.  Richards made her statement with malicious intent to harm Figliolo.

### III.    The Firm's Harassment Prevention Policy

21.     The Firm is an equal employment opportunity ("EEO") employer that is committed to ensuring that its workplace environs are free of all forms of discrimination and harassment.  In relevant part, its harassment prevention policy and procedures provide as follows:

> Bivona & Cohen, P.C., is committed to maintaining a collegial work environment in which all individuals are treated with respect and dignity.  Each individual has the right to work in a professional atmosphere which promotes equal opportunities and prohibits discriminatory practices, including sexual harassment.  At Bivona & Cohen, P.C., sexual harassment, whether verbal, physical, or arising out of the work environment, and whether in the office, at work assignments outside the office, at office sponsored social functions, or elsewhere, is unacceptable and will not be tolerated.  It is also illegal.  . . .

> An individual who believes he or she has been subjected to sexual harassment should report the incident to any member of the Firm's Sexual Harassment Committee.  . . .

> An individual has the option of reporting the harassment to his/her supervisor.  . . .

5

The current members of the Firm's Sexual Harassment Committee identified in the Firm's policy included John V. Bivona and Marlene Monteleone, both partners of the Firm Richards was familiar with.

## IV.  Defendant's Demand

22.    On or about March 26, 2008, Plaintiffs learned that they were the targets of Richards' scheme to seek millions of dollars based on her false rape allegation and false harassment claim.

23.    On March 26, 2008, Richards' attorneys sent a letter to Joan Gilbride of Kaufman Borgeest & Ryan LLP, counsel to the Firm, claiming that Richards was subject to "relentless" sexual harassment and inappropriate conduct by Figliolo from the time she started working at the Firm culminating in a rape on November 16, 2007.

24.    Richards' counsel stated in the letter that Richards is prepared to commence an action in Bronx Supreme Court against the Firm and its individual members, asserting that Richards' rights under traditional tort law and the "federal, state and local anti-discrimination rights laws" have been violated. Richards' counsel further stated that either asking Richards to return to work from her paid leave or terminating her employment would be unlawful. Richards' counsel also stated that Plaintiffs should contact them if they have any interest in resolving this matter without resort to formal proceedings.

25.    Richards through her counsel later demanded $9 million to settle.

26.    The claimed damages are factually and legally baseless given that: (a) Richards was neither raped nor sexually harassed; (b) Richards initiated and performed the "lap dance"; (c) Richards never complained to law enforcement or to the Firm that she had been raped until almost three months after she gave Figliolo the "lap dance"; (d) she never sought medical assistance as a result of allegedly being raped; (e) she does not claim that anyone heard or

6

witnessed anything out of the ordinary during the alleged rape (or thereafter) which occurred in the middle of the day in a crowded office environment; (f) she does not allege that she suffered any adverse employment action such as a demotion or loss of pay or even threatened with an adverse action; and (g) she did not complain to the Firm about being raped, notwithstanding that the Firm maintains written harassment prevention policies and complaint procedures, until February 12, 2008 when she complained to Diaz during a meeting which was initiated by the Firm to discuss Richards' recent absences from work.

27.    Richards made this outrageous and exorbitant demand because she knew that her allegations, standing alone and completely unproven, would cause Plaintiffs to suffer ridicule, contempt and embarrassment, and would cause serious injury to their reputations and business interests. Richards' actions were calculated to instill the fear in Plaintiffs that if the $9 million were not delivered, Defendant would go public with her baseless, scandalous and scurrilous allegations and would file the lawsuit. Defendant accordingly attempted to use the threat of revealing her allegations as a means to obtain money to which she is not entitled.

28.    Following the receipt of the March 26, 2008 letter, the Firm was compelled by Defendant's threats to publicize her false claims to notify certain of its clients that Richards had stated that Figliolo raped her.

## FIRST CAUSE OF ACTION BY BOTH PLAINTIFFS
### (Declaratory Judgment)

29.    Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth at length herein.

30.    Because of Richards' expressed intent to sue if she was not paid $9 million, including for purported claims under the "state and local anti-discrimination and human rights laws," Plaintiffs filed this lawsuit.

7

31.    Richards has unjustifiably sought $9 million from Plaintiffs under threat to make her false claims public.

32.    Richards' demands and claims are baseless under the State Human Rights Law, the City Human Rights Law or any other applicable law.

33.    Accordingly, Plaintiffs request that the Court issue a declaration pursuant to CPLR 3001 that Plaintiffs did not violate the State Human Rights law, the City Human Rights Law or any other applicable law.

## SECOND CAUSE OF ACTION BY PLAINTIFF BIVONA & COHEN
### (Declaratory Judgment)

34.    Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth at length herein.

35.    Richards is on a paid leave of absence from the Firm.

36.    Richards' counsel has asserted that requiring Richards to return to her working duties from her paid leave or terminating her employment would be unlawful discrimination or retaliation.

37.    The Firm has recently discovered that Richards falsified her employment application and social security number.

38.    Accordingly, Plaintiff Bivona & Cohen requests that this Court issue a declaration pursuant to CPLR 3001 that any decision to discipline or terminate Richards is neither discriminatory nor retaliatory in nature, and does not violate the State Human Rights Law or any other applicable law.

## THIRD CAUSE OF ACTON BY BOTH PLAINTIFFS
### (*Prima Facie* Tort)

39.    Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 38 of this Complaint as if fully set forth at length herein.

8

40.     Richards' conduct was completely unjustified and was intended to inflict substantial harm against Plaintiffs.

41.     By reason of the foregoing, Plaintiffs are entitled to declaratory and injunctive relief as well as compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION BY BOTH PLAINTIFFS
### (Tortious Interference With Prospective Business Relations)

42.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 41 of this Complaint as if fully set forth at length herein.

43.     By directing a letter to Joan Gilbride, counsel for Bivona & Cohen, Richards has intentionally, maliciously and without justification interfered with Figliolo's future business dealings with Bivona & Cohen by jeopardizing his career and with the Firm's future business dealings with its clients.

44.     Richards' interference with Plaintiffs' business relations was undertaken with the sole foreseeable purpose of harassing Plaintiffs and/or with dishonest, unfair or improper means.

45.     By reason of the foregoing, and as a direct and proximate result of Richards' conduct, Plaintiffs are entitled to declaratory and injunctive relief as well as compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION AS TO FIGLIOLO
### (Defamation)

46.     Figliolo realleges paragraphs 1 through 45, as though fully set forth herein.

47.     Richards' statements of fact relating to Figliolo's alleged rape of Richards are false.

48.     Richards' statements of fact are *per se* defamatory in that they tend to injure Figliolo in his respective trade or business.

9

49. Richards' statements of fact are *per se* defamatory in that they attribute unlawful acts to Figliolo.

50. Richards' statements of fact were published in that they have been communicated to a third party.

51. Richards knew that her statements of fact were false or was reckless or negligent as to the truth or falsity of her statements when she made them.

52. Richards intentionally made the statements of fact with malice, spite and/or ill will toward Figliolo.

53. As a consequence of the publication of Richards' false statements, Figliolo has suffered damages, and will continue to suffer damages, including but not limited to damage to his professional reputation.

54. By reasons of the foregoing, Richards is liable to Figliolo, in an amount to be determined by the Court, together with costs and interest, as allowable by law.

## SIXTH CAUSE OF ACTION BY FIGLIOLO
### (Intentional Infliction of Emotional Distress)

55. Plaintiff Figliolo repeats and realleges each and every allegation set forth in Paragraphs 1 through 54 of this Complaint as if fully set forth at length herein.

56. Richards' conduct that is described in the foregoing paragraphs constitutes extreme and outrageous conduct and behavior.

57. Richards perpetrated this conduct with malice, and with the intent to cause severe emotional distress to Figliolo and/or in deliberate disregard of the high probability that severe emotional distress to Figliolo would result.

58.     Richards has maliciously embarked on a course of conduct intended to cause Figliolo to suffer mental and emotional distress, tension and anxiety to induce Figliolo to pay an outrageous monetary settlement to her.

59.     Figliolo has suffered damage to his personal and business reputation and standing, has been placed under undue strain and burdens, and forced to endure extreme embarrassment.  He has suffered and will continue to suffer great mental strain and anguish and severe emotional distress.

60.     By reason of the foregoing and as a direct and proximate result of Richards' conduct, Figliolo is entitled to compensatory and punitive damages against Richards in an amount to be determined at trial.

WHEREFORE, Plaintiffs request that this Court enter a judgment in their favor and against Richards as follows:

a.      Declaring that the acts and practices complained of herein are in violation of the laws of the State of New York;

b.      Enjoining and permanently restraining these violations;

c.      Declaring that any decision to discipline or terminate Richards is neither discriminatory nor retaliatory in nature, and does not violate the State Human Rights Law, the City Human Rights Law or any other applicable law;

d.      Declaring that Plaintiffs have no liability to Richards under the State Human Rights Law, the City Human Rights Law or any other applicable law;

e.      Directing Defendant to pay compensatory and punitive damages to Plaintiffs in an amount to be proven at trial;

f.      Awarding Plaintiffs costs, disbursements and reasonable attorneys' fees; and

11

g.    Awarding Plaintiffs such other and further relief that the Court deems just and appropriate.

Dated: New York, New York
        April 18, 2008

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: _____

Ronald M. Green
Brian G. Cesaratto
Robert R. Barravecchio
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500

Joan M. Gilbride
KAUFMAN BORGEEST & RYAN LLP
99 Park Avenue
New York, New York 10016

*Attorneys for Plaintiffs*

12

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BIVONA & COHEN, P.C. and JOSEPH V. FIGLIOLO,

Plaintiffs,

- against -

WINDY RICHARDS a/k/a WENDY OGANDO,

Defendants.

SUMMONS AND COMPLAINT

EPSTEIN, BECKER & GREEN, P.C.
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211

212.351.4500

Attorneys for Plaintiff