UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x
WINDY RICHARDS,  :  ORIGINAL FILED VIA ECF

          Plaintiff,  :

        - v. -  :  CV 08 4433 (CM)(GWG)

BIVONA & COHEN P.C., JOSEPH FIGLIOLO,  :
JOHN BIVONA, RICHARD KUBIK, MARLENE  :
MONTELEONE, and JOHN/JANE DOES 1-10.  :

          Defendants.  :
------------------------------------------------ x
BIVONA & COHEN P.C. and JOSEPH V.
FIGLIOLO,

          Plaintiffs,

                                                  CV 08 4441 (CM)(GWG)

        - v. -

WINDY RICHARDS a/k/a WENDY OGANDO,

          Defendant.
------------------------------------------------

### DEFENDANT RICHARD KUBIK'S
### ANSWER TO THE COMPLAINT OF
### PLAINTIFF WINDY RICHARDS

       Defendant Richard Kubik ("Defendant" or "Kubik") by and through his attorneys, Kaufman Borgeest & Ryan LLP, denies that his actions discriminated or retaliated against plaintiff Windy Richards ("Plaintiff" or "Richards") in violation of federal, state or city law and answers Plaintiff's Complaint as contained below. To the extent not expressly admitted herein, all allegations contained in the Complaint are specifically denied.

## RESPONSE TO SPECIFIC ALLEGATIONS

Defendant answers the allegations of Richards' complaint as follows:

1. Denies each and every allegation contained in Paragraph 1 of the Complaint.

2. Denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Richards began working at the Firm as a legal secretary in August 2007 and denies knowledge or information sufficient to form a belief as to the truth of the allegations that she is a 37 year old, single mother of three children.

3. Denies each and every allegation contained in Paragraph 3 of the Complaint.

4. Denies each and every allegation contained in Paragraph 4 of the Complaint.

5. Admits the allegations contained in Paragraph 5 of the Complain except denies knowledge or information sufficient to form a belief as to plaintiff's residence.

6. Admits the allegations contained in Paragraph 6 of the Complaint, except denies knowledge or information sufficient to form a belief that B&C employs over 100 individuals.

7. Denies each and every allegation contained in Paragraph 7 of the Complaint, except admits that Defendant Figliolo has held the title senior partner at B&C.

8. Denies each and every allegation contained in Paragraph 8 of the Complaint, except admits that Defendant Bivona has held the title senior partner at B&C.

9. Denies each and every allegation contained in Paragraph 9 of the Complaint, except admits that Defendant Coyne has held the title partner at B&C.

10. Denies each and every allegation contained in Paragraph 10 of the Complaint, except admits that Defendant Ryfkogel has held the title partner at B&C.

11. Denies each and every allegation contained in Paragraph 11 of the Complaint, except admits that Defendant Sapon has held the title partner at B&C.

12. Denies each and every allegation contained in Paragraph 12 of the Complaint, except admits that Defendant Macchia has held the title partner at B&C.

13. Denies each and every allegation contained in Paragraph 13 of the Complaint, except admits that Defendant Kubik has held the title partner at B&C.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that Defendant Monteleone has held the title senior partner at B&C.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that Plaintiff purports to set forth a jurisdictional basis for her claims and respectfully refers all matters of law to the Court.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding service of the Complaint, and admits Plaintiff purports to set forth a basis for venue of her claims and respectfully refers all matters of law to the Court.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

**FACTUAL ALLEGATIONS**

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies each and every allegation contained in Paragraph 20 of the Complaint, except admits that Richards began working as a legal secretary at the Firm in late August 2007.

21. Denies each and every allegation contained in Paragraph 21 of the Complaint, except denies knowledge or information sufficient to form a belief as to whom Richards was assigned to work.

22. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 22 of the Complaint.

23. Denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Denies each and every allegation contained in Paragraph 24 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Richards was told that she was a probationary employee.

25. Denies each and every allegation contained in Paragraph 25 of the Complaint, except admits that Defendant Figliolo occupied an office situated at a corner of the space occupied by the Firm on the 17th floor, and is married to John Bivona's sister.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Denies each and every allegation contained in Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belieft as to each and every allegation contained in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Denies each and every allegation contained in Paragraph 38 of the Complaint.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint, except admits that on or about February 12, 2008, Richards first informed a B&C office manager that she had allegedly been raped.

50. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 56 of the Complaint.

57. Denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 60 of the Complaint.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint.

**FIRST CAUSE OF ACTION**

62. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

63. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Complaint.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Denies each and every allegation contained in Paragraph 65 of the Complaint.

## SECOND CAUSE OF ACTION

66. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

67. Denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Denies each and every allegation contained in Paragraph 68 of the Complaint.

## THIRD CAUSE OF ACTION

69. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

70. Denies each and every allegation contained in Paragraph 70 of the Complaint.

71. Denies each and every allegation contained in Paragraph 71 of the Complaint.

## FOURTH CAUSE OF ACTION

72. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

73. Denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Denies each and every allegation contained in Paragraph 74 of the Complaint.

## FIFTH CAUSE OF ACTION

75. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

76. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Complaint.

77. Denies each and every allegation contained in Paragraph 77 of the Complaint.

78. Denies each and every allegation contained in Paragraph 78 of the Complaint.

## SIXTH CAUSE OF ACTION

79. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

80. Denies each and every allegation contained in Paragraph 80 of the Complaint.

81. Denies each and every allegation contained in Paragraph 81 of the Complaint.

## SEVENTH CAUSE OF ACTION

82. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

83. Denies each and every allegation contained in Paragraph 83 of the Complaint.

84. Denies each and every allegation contained in Paragraph 84 of the Complaint.

## EIGHTH CAUSE OF ACTION

85. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

86. Denies each and every allegation contained in Paragraph 86 of the Complaint.

87. Denies each and every allegation contained in Paragraph 87 of the Complaint.

88. Denies each and every allegation contained in Paragraph 88 of the Complaint.

89. Denies each and every allegation contained in Paragraph 89 of the Complaint.

## NINTH CAUSE OF ACTION

90. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

91. Denies each and every allegation contained in Paragraph 91 of the Complaint.

92. Denies each and every allegation contained in Paragraph 92 of the Complaint.

## TENTH CAUSE OF ACTION

93. Defendant repeats and reasserts each and every answer to the above paragraphs of the Complaint as if fully contained herein.

94. Denies each and every allegation contained in Paragraph 94 of the Complaint.

95. Denies each and every allegation contained in Paragraph 95 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

96. The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

97. Upon information and belief, Plaintiff has failed to mitigate her damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

98. Plaintiff has not suffered any legally cognizable damage.

### FOURTH AFFIRMATIVE DEFENSE

99. At all times relevant to this action Defendant acted lawfully and in good faith without intent to deny Plaintiff any rights whatsoever and without intent to discriminate or retaliate against Plaintiff on the basis of her gender or any other unlawful reason.

### FIFTH AFFIRMATIVE DEFENSE

100. At all times relevant hereto, B&C had a specific policy against unlawful discrimination and harassment in the work place, which policy was well-known to employees, and of which Plaintiff failed to take advantage of the preventative or corrective opportunities provided for therein for resolution of claims of discrimination or harassment.

101. At all relevant times, B&C followed its anti-discrimination and anti-harassment policies and procedures.

### SIXTH AFFIRMATIVE DEFENSE

102. Insofar as Plaintiff complained of any inappropriate conduct by Figliolo, in which Defendant Figliolo denies engaging, B&C took immediate and adequate steps to investigate Plaintiff's complaint.

### SEVENTH AFFIRMATIVE DEFENSE

103. Plaintiff's employment with B&C is at-will, and all actions taken by Defendants within the context of this at-will employer/employee relationship are at all times based on legitimate business related reasons, undertaken in good faith and without malice or ill-will toward Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

104. Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

105. Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of her employment.

### TENTH AFFIRMATIVE DEFENSE

106. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

107. Plaintiff failed to exhaust her administrative remedies with regard to some or all of her claims.

### TWELFTH AFFIRMATIVE DEFENSE

108. Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

109. Plaintiff is not entitled to any of the relief sought in the Complaint, including but not limited to the relief sought in the "Prayer for Relief" and "WHEREFORE" clauses of the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

110. Any decision by the Firm to terminate Plaintiff's employment is justified by after-acquired evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

111. Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

112. Plaintiff is not entitled to a jury trial on certain of the claims asserted in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

113. Defendant did not actually participate in the alleged discriminatory acts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

114. Plaintiff did not possess a subjective or good faith belief that she was being discriminated against.

## NINETEENTH AFFIRMATIVE DEFENSE

115. Plaintiff is not entitled to proceed with an independent federal Title VII claim during the pendency of her EEOC charge and ongoing EEOC investigation.

## TWENTIETH AFFIRMATIVE DEFENSE

116. Defendant is not subject to individual liability under Federal, State or City law since he is not an employer.

Dated: New York, New York
       June 23, 2008

                                      KAUFMAN BORGEEST & RYAN LLP

                                      By:  /s/

                                            Joan M. Gilbride
                                    99 Park Avenue, 19th Floor
                                    New York, NY 10016
                                    (212) 980-9600
                                    (212) 980-9291 (fax)
                                    *Attorneys for Defendants Bivona & Cohen, P.C., John Bivona, Roderick Coyne, Jan Michael Ryfkogel, Andrew Sapon, Robert Macchia, Richard Kubik, and Marlene Monteleone*

To:     Jonathan S. Abady
         Mariann Meier Wang
         Katherine Rosenfeld
         Emery Celli Brinckerhoff & Abady LLP
         75 Rockefeller Plaza
         New York, New York 10019
         (212) 736-5000
         (212) 736-5001 (fax)

         Joseph & Herzfeld LLP
         757 Third Avenue, 25th Floor
         New York, New York 10017
         (212) 688-5640
         (212) 688-2548 (fax)
         *Attorneys for Plaintiff*

         Diane Krebs
         Gordon & Rees LLP
         90 Broad Street, 23rd Floor
         New York, NY 10004
         (212) 269-5500
         (212) 269-5505 (fax)
         *Attorneys for Joseph Figliolo*